### MELLON vs. MULVEY and wife.

1. A voluntary conveyance made by a solvent debtor is good against subsequent debts, if made in good faith and without intention of contracting debts designed not to be paid.

2. But a conveyance given by a husband to his wife, with the manifest intention of protecting his property against debts which he intended to contract, and which is fraudulently used for that purpose, is void as to a judgment creditor.

3. A conveyance by a debtor to his wife after he contracted part of the debt for which complainant has a judgment, the residue being contracted afterwards without any notice to the complainant of the conveyance except the record of the deed, and the wife having knowledge of contracting the debt, is void as against the complainant.

Argued upon bill, answer, and proofs.

*Mr. Aitkin,* for complainant.

*Mr. Hageman,* for defendants.

THE CHANCELLOR.

The suit was by a judgment creditor of Mulvey to have a conveyance made by him to his wife declared void as against the complainant, as being without consideration and fraudulent.

The defendant, Mulvey, conveyed the property in question

to his wife after he contracted part of the debt for which the complainant has judgment. The residue was contracted afterwards, without any notice to the complainant of the conveyance, except the constructive notice by recording the deed. The wife knew of contracting the debt, which was for a cask of liquor for a rum shop kept on the premises, and gave the complainant no warning. It was conceded on discussion at the giving of the deed, that the conveyance would not be valid against the part of the debt then due, which, in fact, the wife now tenders herself ready to pay. I am not satisfied that any consideration, except moneys that at law belonged to the husband, was paid for the conveyance. If any such was paid, it was a very small part of it.

A voluntary conveyance made by a solvent debtor is good against subsequent debts, if made in good faith and without intention of contracting debts designed not to be paid. The circumstances of this case show clearly that this conveyance was intended to protect the property of the husband against debts which he intended to contract, and the conduct of the wife shows that it was fraudulently used for that purpose. It must be declared void as against the complainant.